UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TOWN OF GOODLAND, an Indiana municipal corporation, Plaintiff, v. THE KESSLER TANK CO., INC., an Ohio corporation, Defendant. | CASE NO. 4:13-cv-00082-PPS-JEM |

**OPINION AND ORDER**

The Town of Goodland hired The Kessler Tank Company to repair and maintain the old municipal water tower in Goodland, Indiana. According to Goodland, Kessler did a lousy job – so lousy that the water tower collapsed and 300,000 gallons of water spilled out, destroying the tower and causing damage to surrounding property. Goodland filed suit against Kessler in Newton County Court, alleging Kessler was responsible for the damage under various theories of liability. Kessler removed the case to federal court and now seeks to dismiss one of Goodland's claims, the claim for breach of fiduciary duty. For the foregoing reasons Kessler's motion is **GRANTED.**

**Background**

On January 2, 2006, Kessler entered into a contract to perform maintenance and repair services to a municipal water tower located in Goodland, Indiana. (DE 1 ¶ 10.) The contract provided that Kessler would "remove all loose rust and corrosion" and apply a "Special Wax Coating" to the interior metal surfaces of the water tower to prevent further corrosion. (DE 1 ¶ 11.) Kessler performed the work in June 2007, and was subsequently paid by Goodland. (DE 1

¶¶ 7-8.) Approximately four years and five months later, on November 7, 2011, the municipal water tower collapsed resulting in damage to the water tower and surrounding real property. (DE 1 ¶ 13.)

Goodland brought this action in state court against Kessler, alleging breach of contract, breach of an implied duty of workmanlike performance, breach of fiduciary duty, negligent misrepresentation, and negligence. (DE 1.) Kessler then timely removed the case to federal court. (DE 2.) Count III of Goodland's complaint alleges Kessler owed Goodland a fiduciary duty, which it breached by failing to adequately inspect the interior metal structures of the water tower, failing to observe that the water tower's metal compression ring was rusted, and failing to warn Goodland that the structural integrity of the tower was compromised as a result of the rust. (DE 1 ¶¶ 27-29.) Kessler now presents this court with a motion to dismiss Goodland's claim for breach of fiduciary duty. (DE 11.)

## DISCUSSION

Kessler argues that Goodland has failed to state a claim for breach of fiduciary duty. The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. But to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). And although at this stage I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to

accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678.

To state a claim for breach of fiduciary duty, a plaintiff has to show: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010). It's the first element that's in contention here. Kessler argues that Indiana law has not recognized the existence of a fiduciary duty between an independent contractor, like Kessler, and a hiring party, like the Town of Goodland. That is true, as far as it goes. But as Goodland points out, the existence of a fiduciary relationship depends upon the facts of each case, not on the label or classification of a given relationship. *Demming v. Underwood*, 943 N.E.2d 878, 888 (Ind. Ct. App. 2012).

So Goodland wins the first skirmish as their claim is not barred outright by Indiana law. But Goodland still has to plead sufficient facts to plausibly claim that a fiduciary relationship existed. That is tough to do because the relationship between Goodland and Kessler is based on their contract. Under Indiana law a business, or arm's-length, contractual relationship does not give rise to a fiduciary relationship. *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1046-47 (Ind. Ct. App. 2003). The only relevant exception is when special circumstances establish a "confidential relationship" between the parties. *Kreighbaum v. First Nat. Bank & Trust*, 776 N.E.2d 413, 419 (Ind. Ct. App. 2002). So in order to state a claim for breach of fiduciary duty, Goodland has to plead facts showing it had a confidential relationship with Kessler. *Grace Village Health Care Facilities, Inc. v. Lancaster Pollard & Co.*, 896 F. Supp. 2d 757, 768 (N.D. Ind. 2012). Goodland has to show, first, there was an unequal relationship between two parties,

3

with one party in a position of dependence, weakness, or lack of knowledge. *Kreighbaum,* 776 N.E.2d at 419 (quoting *Huntington Mortg. Co. v. DeBrota*, 703 N.E.2d 160, 167 (Ind. Ct. App. 1998)). Next, the weaker party put its trust and confidence in the stronger party. *Id.* Finally, the stronger party wrongfully abused this trust and confidence by improperly influencing the weaker party to gain an advantage. *Id.*

Goodland maintains that they have sufficiently alleged a confidential relationship. Kessler was the dominant party because they had the expertise and skill to take care of the water tower. (DE 1 ¶ 24.) Goodland was the weaker party because they didn't know the first thing about water towers. (DE 1 ¶ 22.) As a result, Goodland "reposed special trust and confidence in Defendant Kessler to advise [it] regarding any conditions that would have negatively affected the structural integrity of the water tower." (DE 1 ¶26.) Kessler breached that trust by doing a poor job of maintaining the tower. (DE 1 ¶ 28.)

Even taking Goodland's allegations as true, there's just not enough here to establish a fiduciary relationship. First, Goodland's inexperience repairing water towers does not mean it was in an unequal relationship with Kessler. The factors that indicate an unequal relationship include "kinship, age disparity, health, mental condition, education, business experience and the extent of reliance." *Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir. 1992). None of these apply. Goodland can't plausibly claim to be an unsophisticated party. The Town of Goodland doubtless has experience hiring contractors to perform services. After all, someone must be maintaining Goodland's parks, cleaning Goodland's offices, or building Goodland's roads. To find that Goodland was not a sophisticated party just because their contractor knew more about the contractor's specific area of expertise would threaten to turn every service

4

contract into a fiduciary contract. A contractor will always know more about the task at hand than the person who hired him. That is precisely why one hires a contractor. My plumber is not my fiduciary just because he knows more about the pipes. So Goodland's claim that Kessler was in a dominant position because of its superior expertise is not sufficient. *Lancaster Pollard*, 896 F. Supp. 2d at 769 (citing *DeBrota*, 703 N.E.2d at 167) ("Simply because the dominant party has 'superior knowledge and expertise' is insufficient; if it were sufficient, then every claim for professional negligence would also give rise to a separate claim for breach of fiduciary duty."); *Paul v. Home Bank SB*, 953 N.E.2d 497, 505 (Ind. Ct. App. 2011) (finding that physicians embarking upon a sophisticated business venture were not in a position of inequality despite the fact that the bank had superior expertise).

Even if Goodland were in such a weak position that it had to trust Kessler, they still have not stated a breach of fiduciary duty claim. Trust is not enough. As the Seventh Circuit has pointed out, "we trust most people with whom we do business." *Pommier,* 967 F.2d at 1117. To state a claim for breach of fiduciary duty, the dominant party must use that dominance to somehow improperly influence the weak party to obtain an advantage. *Kruse v. National Bank of Indianapolis*, 815 N.E.2d 137, 148 (Ind. Ct. App. 2004). Goodland has to plead facts showing Kessler took advantage of Goodland's trust by, for example, engaging in self dealing or placing its own interests above those of Goodland. *Lancaster Pollard*, F. Supp. 2d at 769. They haven't done that. Instead they allege Kessler engaged in run-of-the-mill negligence. Kessler "failed to adequately inspect" the structure of the tower, "failed to observe" a compression ring was rusted, and failed to warn Goodland about the rusted ring. (DE 1 ¶ 28.) There's no allegation that

Kessler somehow took advantage of their dominant position to hoodwink Goodland. Kessler just failed to do an adequate job.

Goodland relies on the case *Kreighbaum v. First National Bank & Trust* to support their claim, but the case serves just as well to highlight what is missing from Goodland's complaint. 776 N.E.2d 413 (Ind. Ct. App. 2002). *Kreighbaum* involved a con job. A homeowner wanted to sell her extensively fire-damaged home. *Id.* at 415. When Kreighbaum expressed interest, the homeowner directed her to the bank where the homeowner used to work to obtain financing. *Id.* Kreighbaum was an unsophisticated, first-time homebuyer and told the bankers as much. *Id.* The bankers, who knew about the fire damage, assured her that they would take care of everything. *Id.* In order to prevent Kreighbaum from discovering the extent of the damage, one of the bankers hired his son to do the home inspection and the seller's son to estimate the costs of repairs. *Id.* at 416. Both wildly understated the extent and cost of the fire damage. *Id.*

In *Kreighbaum*, then, you have a unsophisticated party who explicitly states that she is going to trust a party with superior knowledge. The dominant party then takes advantage of the situation by using his position to prevent the weaker party from finding out the truth. Putting aside the issue of whether Goodland truly was the weaker party, the complaint is missing that last element. There is no allegation in the complaint that Kessler deceived or took advantage of Goodland. Goodland simply alleges Kessler was negligent.

This brings me to my final reason for dismissing the breach of fiduciary duty claim. It is just a reformulation of Goodland's negligence claim and is therefore redundant. Federal Rule of Civil Procedure 12(f) provides that a court may strike redundant matter from a pleading. Claims are redundant if they are based upon the same operative facts and allege the same injury.

*Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.,* 385 F.3d 737, 744 (7th Cir. 2004). The negligence and fiduciary claims are based on the same facts. More than that; they are basically identical. Both counts allege Kessler is liable for the damage to the water tower because Kessler "failed to adequately inspect the interior metal structures of the water tower . . . failed to observe that the metal compression ring was rusted and corroded . . . and . . . failed to warn or inform [Goodland] that the metal compression ring was rusted and corroded." (DE 1 ¶¶ 28, 39.) And both allege, verbatim, the same injury. (DE 1 ¶¶ 28, 40.) Rule 8(d)(2) does permit alternative pleading, but requires the plaintiff "use a formulation from which it can be reasonably inferred that" the plaintiff is indeed pleading in the alternative. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (quoting *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)). The Plaintiff has not done that here. Accordingly, the breach of fiduciary duty claim must be dismissed. *Lancaster Pollard*, 896 F. Supp. 2d at 769 (dismissing claim for breach of fiduciary duty pursuant to F.R.C.P. 12(f) because it was just a reformulation of a negligence claim); *Hoagland,* 385 F.3d at 744 (finding that a legal malpractice claim could not be re-characterized as a breach of fiduciary duty claim to avoid dismissal because it would be duplicative).

## **CONCLUSION**

For the reasons stated above, Kessler's Motion to Dismiss is **GRANTED**. Plaintiff's claim against Kessler for breach of fiduciary duty is **DISMISSED**. While I think it unlikely that Goodland will be able to amend Count III of the complaint to address the issues raised in this order, I will nonetheless give them that opportunity. If Goodland chooses to file an amended complaint as to Count III, it will have 30 days to do so. If it chooses not to file an amended

7

complaint, the dismissal of Count III, the fiduciary claim, will then be with prejudice. Of course, the other claims remain pending.

**SO ORDERED.**

ENTERED: April 1, 2014

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT