UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| TOWN OF GOODLAND, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:13-CV-82-PPS-JEM |
| | ) | |
| THE KESSLER TANK CO., INC., | ) | |
|     Defendant. | ) | |

**AMENDED OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider [DE 73], filed by Plaintiff on November 5, 2015. Plaintiff requests that the Court reconsider its Order denying a motion for extension of time to disclose its expert witness and provide an expert report. On November 18, 2015, Defendant filed a response, and Plaintiff filed a reply on November 25, 2015.

**I.    Background**

On October 10, 2013, Plaintiff Town of Goodland filed its Complaint in Newton Superior Court against The Kessler Tank Co., Inc., and on October 30, 2013, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. The Complaint includes claims for breach of contract, breach of an implied duty of workmanlike performance, breach of fiduciary duty, negligent misrepresentation, and negligence arising out of an agreement Plaintiff had with Defendant to maintain and repair a water tower. In November, 2011, the water tower collapsed and dispelled water onto the real property surrounding the tower.

On July 17, 2014, the Court held a preliminary pretrial scheduling conference and set the discovery deadline as May 1, 2015, with Plaintiff's expert witness disclosures and reports to be delivered to Defendant by February 2, 2015, and Defendant's expert witness disclosures and reports to be delivered to Plaintiff by May 2, 2015.

On March 23, 2015, Plaintiff filed motion for Extension of Time to File Supplemental Rule 26(a)(2) Report. A hearing was held on April 29, 2015, at which Plaintiff's Motion for Extension of Time was denied, with leave granted to file a motion addressing Plaintiff's failure to timely provide its expert witness disclosures and reports or to request an extension before the time expired, and the Court took under advisement the Motion for Modification of Scheduling Order to allow time for it to be fully briefed. On May 11, 2015, Plaintiff filed a Motion for Extension of Time to Submit Rule 26 Report.

On November 2, 2015, the Court entered an Order that, in relevant part, denied Plaintiff's motion. Plaintiff now requests that the Court reconsider that denial and allow Plaintiff to submit its Rule 26 expert report.

## II. Standard of Review

Plaintiff states that it is moving to alter or amend an interlocutory order pursuant to Federal Rule of Civil Procedure 54, although there has been no final judgment from which an appeal lies in this case. Federal Rule of Civil Procedure 60 provides for relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under any rule, a motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during

2

the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

### III. Analysis

Plaintiff argues that the Court's denial of its motion for extension of time was tantamount to dismissal of its case, and that dismissal is too harsh of a sanction for its failures to comply with the applicable rules, standards, and legal precedent. Plaintiff does not argue that the Court misunderstood Plaintiff's arguments, that a significant change has occurred in the law, or that significant new facts have been discovered. Most of its motion is re-arguing what was previously presented to the Court.

The Court concluded that Plaintiff failed to demonstrate that its failure to serve its expert disclosures and reports as ordered or to request an extension of time before the deadline expired was due to excusable neglect or that there was good cause to extend the deadline after it had passed. Plaintiff still fails to admit to or justify its failure to timely disclose its expert witness or file an

appropriate motion for extension of time to disclose its expert, rather than the misleading request for an extension of time to *supplement* its expert report. Instead, Plaintiff continues to argue that the identification of an individual as a consulting expert and production of a redacted version of a report created prior to the onset of litigation was sufficient to put Defendant on notice of Plaintiff's intended expert testimony, despite the fact that counsel for Plaintiff informed Defendant that the individual was only a consulting expert. Finally in its reply brief "Plaintiff's counsel acknowledges these discovery responses were not sufficient to meet the requirements of Rule 26(a)(2) or the February 2, 2015 disclosure deadline," but Plaintiff continues to assert that what he did provide was sufficient to put Defendant on notice and keep it from suffering any prejudice now.

Plaintiff spends many pages arguing that Defendant would not be prejudiced by the late identification of Plaintiff's expert witness, since there is still time for the expert to be deposed and Plaintiff's theory of liability remains unchanged. The arguments continue to ignore and downplay the prejudice identified by Defendant and the Court: litigation would be delayed, Defendant's experts would need to produce additional reports, and additional expert depositions would need to be taken, this time with the benefit to Plaintiff of having received Defendant's expert reports first – all adding time and expense to Defendant's case. *See Smetzer v. Newton*, No. 1:10-CV-93, 2012 WL 1900118, at *3 (N.D. Ind. May 23, 2012) ("[The plaintiff]'s belated filing would reverse the normal order of expert disclosures, affording [the plaintiff] – who carries the burden of proof – the opportunity to respond to and rebut Defendants' expert.").

Plaintiff also continues to refer to the failure to grant a requested extension as a "sanction," tantamount to dismissing its case, and includes several pages of argument regarding why dismissal of its case is inappropriate. As Defendant points out, the Court did not sanction Plaintiff, and the case has not been dismissed. *C.f.,* Fed. R. Civ. P. 11, 37 (describing actual sanctions). Plaintiff's

failure to timely disclose its expert witnesses may have a negative effect on its case, but to the extent that is true, the result was caused by Plaintiff's failures to comply with the deadlines and the applicable Rules and legal standards, not because the Court sanctioned Plaintiff.

As the Court previously held, the extensive delay in Plaintiff's request for an extension of time to provide its expert witness disclosure and reports was fully within the control of the movant and granting the requested extension would cause prejudice to the non-moving party.

## IV.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Reconsider [DE 73].

Because the briefing included enough information for the Court to rule on the pending Motion, the Court **DENIES as moot** the Northern District of Indiana Local Rule 7-5 Request [DE 74], Plaintiff's request for oral argument.

SO ORDERED this 19th day of April, 2016.

 s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record